**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HELEN WONG, derivatively on behalf of QUANTUM COMPUTING INC.,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM MCGANN, ROBERT LISCOUSKI, CHRISTOPHER BOEHMLER, CHRISTOPHER ROBERTS, ROBERT FAGENSON, YUPING HUANG, MICHAEL TURMELLE, BERTRAND VELGE, JAVAD SHABANI, and CARL WEIMER<br><br>Defendants,<br><br>and<br><br>QUANTUM COMPUTING INC.,<br><br>Nominal Defendant. | Case No. 25-CV-11952 |

**STIPULATION AND ORDER TO STAY THE DERIVATIVE LITIGATION**

Plaintiff Helen Wong ("Plaintiff"), nominal defendant Quantum Computing Inc. ("QCi"), and defendants William McGann, Robert Liscouski, Christopher Boehmler, Christopher Roberts, Robert Fagenson, Yuping Huang, Michael Turmelle, Bertrand Velge, Javad Shabani, and Carl Weimer ("Individual Defendants," and together with QCi, "Defendants")[1] jointly submit this Stipulation and Order to Stay the Derivative Litigation ("Stipulation"), and in support thereof state as follows:

[1] Plaintiff and Defendants are collectively the "Parties."

WHEREAS, Plaintiff filed the above-captioned action on June 19, 2025, derivatively on behalf of QCi (the "Derivative Litigation"), alleging claims against the Individual Defendants for violations of the Securities Exchange Act of 1934, breach of fiduciary duties, waste, unjust enrichment, and fraud;

WHEREAS, on February 25, 2025, a securities class action, captioned *Cohen, et al. v. Quantum Computing Inc., et al.*, Case No. 2:25-cv-01457-MEF-JSA was filed in the U.S. District Court for the District of New Jersey (the "Securities Litigation"), which asserts federal claims arising from facts in common with the Derivative Litigation;

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation;

WHEREAS, counsel for Plaintiff and counsel for Defendants have met and conferred and agree that a stay of the Derivative Litigation will advance the interests of judicial economy given the anticipated motion(s) to dismiss in the Securities Litigation;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" in the Securities Litigation;

WHEREAS, the agreed-upon stay of the Derivative Litigation as set forth below will not cause prejudice to any party and will promote judicial economy;

**NOW THEREFORE,** it is hereby stipulated by and between the undersigned that:

1. Defendants have agreed, by and through their counsel, to accept, and waive formal service of the Complaint. The Defendants expressly preserve, all rights, claims, and defenses, except any defenses relating to service of the Complaint.

2. During the pendency of the stay, Defendants need not respond to the complaint filed in the Derivative Litigation.

3. In order to ensure economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the anticipated motion to dismiss in the Securities Litigation, the Derivative Litigation, including all deadlines, hearings, and scheduling orders under the Federal Rules of Civil Procedure 16 and 26, is voluntarily and temporarily stayed on the terms set forth below unless and until either: (1) the Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Litigation is denied.

4. Within twenty-one (21) days of the resolution of the motion(s) to dismiss in the Securities Litigation, the Parties will meet and confer and submit a proposed scheduling order to the Court regarding further proceedings in the action, including, if applicable, a briefing schedule for any motion(s) to dismiss the Derivative Litigation.

5. Defendants shall promptly notify Plaintiff of any pending or threatened shareholder derivative action on behalf of QCi that overlaps with the facts and circumstances alleged in the Derivative Litigation and Securities Litigation ("Related Derivative Litigation"),

6. Defendants shall promptly notify Plaintiff if a plaintiff in a Related Derivative Litigation refuses to enter a stipulation to stay the Related Derivative Litigation and Defendants do not intend to move to stay the Related Derivative Litigation or intend to move to stay and dismiss the Related Derivative Litigation simultaneously.

7. Plaintiff has the option to terminate the stay if a plaintiff in a Related Derivative Litigation refuses to enter a stipulation to stay the Related Derivative Litigation and Defendants

do not intend to move to stay the Related Derivative Litigation or intend to move to stay and dismiss the Related Derivative Litigation simultaneously by giving fourteen (14) days' notice to counsel for Defendants via email and notifying the Court. The Parties agree that should Plaintiff elect to terminate the stay in this matter, the Parties must meet and confer within fourteen (14) days after Plaintiff's notice and, should Defendants wish to file a motion to maintain the stay and/or to dismiss, submit to the Court a proposed briefing schedule for such motions.

8. In the event of a books and records demand upon the Company that relates to the facts and circumstances alleged in the Derivative Litigation and Securities Litigation, Defendants shall promptly notify Plaintiff of the same and provide copies of any documents produced pursuant to such demand that are related to the issues raised in the Derivative Litigation, which Plaintiff may use in this matter subject to Defendants' confidentiality designations pursuant to the applicable protective order negotiated and entered in this matter by the Parties.

9. The Parties shall meet and confer within twenty-one (21) days of Plaintiff's request to Defendants regarding consolidation of any Related Derivative Litigation filed in, removed to, or transferred to this Court and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

10. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement talks with the plaintiff in the Securities Litigation and shall make a good faith effort to include Plaintiff in any mediation or settlement talks with the plaintiffs in the Securities Litigation. In the event that Defendants' good faith efforts do not result in including Plaintiff in the mediation with plaintiff in the Securities

Litigation during the pendency of this stay, then Defendants agree to mediate in good faith with Plaintiff in the Derivative Litigation at or about the same time. The Parties further agree that Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement talks with any other derivative plaintiffs whose allegations overlap with the facts and circumstances alleged in the Derivative Litigation and Shareholder Litigation during the pendency of the stay, and shall include Plaintiff in any such mediation or settlement talks and negotiate in good faith with Plaintiff to attempt to reach a resolution of said derivative claims.

11. Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to respond to the Complaint or any amended complaint until the proposed schedule has been entered by the Court after the stay has been lifted.

12. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a related derivative action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this stipulation.

13. By entering into this Stipulation, the Parties do not intend to waive, and expressly reserve, any rights, defenses, or claims that they may have in the Derivative Litigation, including the right to file any motion that any Party deems appropriate.

Dated: August 7, 2025

Respectfully submitted,

**PAUL HASTINGS LLP**

/s/ *Chad J. Peterman*

Chad J. Peterman
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
chadpeterman@paulhastings.com

Timothy D. Reynolds (*pro hac vice* pending)
Alyssa K. Tapper (*pro hac vice* pending)
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
timothyreynolds@paulhastings.com
alyssatapper@paulhastings.com

*Counsel for Defendants Quantum Computing Inc., William McGann, Robert Liscouski, Christopher Boehmler, Christopher Roberts, Robert Fagenson, Yuping Huang, Michael Turmelle, Bertrand Velge, Javad Shabani, and Carl Weimer*

**HERMAN JONES LLP**

/s/ *Serina M. Vash*________________________
Serina M. Vash

153 Central Avenue #131
Westfield, NJ 07090
Telephone: (404) 504-6516
Facsimile: (404) 504-6501
vash@hermanjones.com

**GLANCY PRONGAY & MURRAY LLP**

Telephone: (404) 504-6516
Facsimile: (404) 504-6501
Benjamin I. Sachs-Michael
745 Fifth Avenue, Fifth Floor
New York, New York 10151
Telephone: (212) 935-7400
e-mail: bsachsmichaels@glancylaw.com

-and-

Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: prajesh@glancylaw.com

*Counsel for Plaintiff Helen Wong*

**SO ORDERED**

Dated: August 14, 2025

s/Jessica S. Allen
The Honorable Jessica S. Allen
United States Magistrate Judge